# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| *MAPLE HEIGHTS NEWS*, et al., | CASE NO. 1:15CV53 |
| Plaintiffs, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| **JEFFREY A. LANSKY**, et al., | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #39) of Defendant, Jeffrey A. Lansky, for Summary Judgment. For the following reasons, the Motion is granted as to Plaintiffs' federal claims. The Court declines to exercise supplemental jurisdiction over the pendent state law claims.

## I. FACTUAL BACKGROUND

On January 12, 2015, Plaintiffs filed the instant Complaint against certain public officials of the City of Maple Heights for, *inter alia*, violation of their First Amendment rights and Plaintiff William C. Brownlee's right of privacy.

Lansky served as the Mayor of the City of Maple Heights from December 1, 2007

through December 31, 2015. Brownlee was elected as a City Councilman in Maple Heights in November, 2013, taking office on January 1, 2014. Brownlee publishes a "news media reporting service" on the internet, under the name, *Maple Heights News*. Brownlee has been a vocal critic of Lansky's administration, particularly on budgetary issues. Brownlee made audiovisual recordings of City Council meetings and re-published them to the community on the *Maple Heights News* website.

At the May 21, 2014 City Council Meeting, the renewal of a waste collection contract came up for discussion. The Council President spoke at length regarding the issue. Brownlee voiced opposition. The Law Director attempted to rebut Brownlee's comments. Then, the Council President "call[ed] the roll for adoption." Brownlee raised a "point of order," contending debate had been prematurely terminated. The Council President declared Brownlee out of order and proceeded to a vote. When Brownlee repeated his "point of order," the Council President directed the Police Chief to escort Brownlee out of the meeting. When Lansky noted that Brownlee "forgot his camera," the Law Director terminated the audiovisual recording and delivered the camera to Brownlee. (The parties dispute whether or not Lansky *directed* the Law Director to remove the camera; but there is no dispute that the video camera was shut off and removed from the meeting room). The City made an audio recording of the entire May 21, 2014 proceeding. (Lansky Motion Exhibit A, Brownlee Deposition at 67-68).

In July of 2013, when Brownlee was running for his City Council seat, Lansky received an anonymous paper in the U.S. Mail indicating that Brownlee had not filed or paid his municipal income taxes. Later, at a January 15, 2014 City Council Caucus Meeting

concerning a switch from the Regional Income Tax Agency ("RITA") to another agency, Lansky questioned Brownlee about whether Brownlee had paid his City income taxes.  On January 21, 2014, Brownlee sent Lansky an email, explaining that he and his wife were working with the Assistant Finance Director to "sort out any confusion about our taxes."

During the course of the November 2014 election campaign, Lansky and Lansky for Mayor published a political flyer declaring that "Brownlee did not file and paid no city income taxes for years 2011-2013."  At a subsequent City Council Meeting on December 17, 2014, Lansky said: "I'm very offended by Councilman Brownlee's comments because, you know, he's someone who's unemployed and doesn't even work and lived here for three years and didn't even file or pay taxes."

Plaintiffs bring two constitutional claims pursuant to 42 U.S.C. § 1983.  First, Plaintiffs claim that Lansky violated their First Amendment rights by directing or encouraging the Law Director to turn off and remove Brownlee's video camera during the May 21, 2014 Council Meeting.  Plaintiffs insist that the public and the media have the right to meaningful and effective access to government proceedings, including the right to record public meetings.  Second, Brownlee claims that Lansky violated his due process rights and his federal right to privacy by obtaining and disclosing his taxpayer information at Council meetings and in the Lansky for Mayor mailings.  Plaintiffs also bring several state law claims for invasion of privacy and defamation.  Lansky has asserted a Counterclaim against Brownlee for defamation.

Defendant Lansky, individually and in his capacity as Mayor, now moves for summary judgment in his favor on all Counts in Plaintiffs' Complaint.

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 56 Standard of Review

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute,"

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**42 U.S.C. § 1983**

Brownlee and *Maple Heights News* bring their constitutional claims under 42 U.S.C. § 1983, which requires a plaintiff to allege he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States, and the deprivation was caused by a person while acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir.2005). Section 1983 "is not itself a source of substantive rights," but provides a vehicle for "vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

**Removal of Plaintiffs' Video Camera**

Plaintiffs assert that they have the First Amendment right of access to the legislative process; to gather and disseminate newsworthy information; and to record public officials performing a governmental function on public property. In support, Plaintiffs cite to *WJW-TV, Inc. v. City of Cleveland*, 686 F.Supp. 177 (N.D.Ohio 1988) and *Crawford v. Geiger*, 996 F.Supp.2d 603 (N.D.Ohio 2014). In *WJW-TV*, the district judge concluded that the First Amendment mandates that the legislative process be available to the press and the public.

The district judge in *Crawford* found that the First Amendment protects the right to video record police officers performing their duties.

This Court is not persuaded by Plaintiffs' arguments and authorities.  First, *WJW-TV* was vacated by the Sixth Circuit Court of Appeals in *WJW-TV v. City of Cleveland*, 878 F.2d 906 (6th Cir.1989).  Next, *Crawford*'s holding was not so broad, nor have decisions since expanded its application to protect the right to record *any* public official performing public functions in public or on public property, as Plaintiffs suggest.

The U.S. Supreme Court "never intimated a First Amendment guarantee of a right of access to all sources of information within government control."  *Houchins v. KQED, Inc.*, 438 U.S. 1, 9 (1978).  The First Amendment does not mandate "unfettered access" to government information.  *Whiteland Woods, L.P. v. Township of West Whiteland*, 193 F.3d 177, 182 (3rd Cir.1999), citing *Houchins, id.*

> The First Amendment does not require states to accommodate every potential method of recording its proceedings, particularly where the public is granted alternative means of compiling a comprehensive record.

*Whiteland*, 193 F.3d at 183; *see Combined Communications Corp. v. Finesilver*, 672 F.2d 818, 821 (10th Cir.1982).

Plaintiffs contend that their First Amendment rights were violated when Lansky turned off and removed their video camera from the May 21, 2014 City Council proceedings.  However, Brownlee admits that the entire meeting was audio-recorded, that the audio recording was made available to him by the Maple Heights Clerk of Council and that it was posted on the YouTube channel operated by *Maple Heights News*.  (Lansky Motion Exhibit A, Brownlee Deposition at 67-70).

The Court concurs with the *Whiteland* analysis:  Plaintiffs have "failed to demonstrate

an essential nexus between the right of access and a right to videotape." *Whiteland*, 193 F.3d at 183.  Thus, Brownlee and *Maple Heights News* have failed to demonstrate any deprivation of their First Amendment rights, by virtue of Lansky's removal of their video camera from the Maple Heights City Council Meeting.

**Declarations**

Plaintiffs challenge the Declarations of the Maple Heights Law Director, which were submitted in support of Lansky's Motion for Summary Judgment.  (ECF DKT #43; ECF DKT #56; ECF DKT #57).

Plaintiffs argue that the initial Declaration did not comply with 28 U.S.C. § 1746, requiring that it be made under "penalty of perjury."  A Supplemental Declaration has been submitted which cures that technical defect.  However, Plaintiffs raise a further objection that evidence in the form of a supplemental affidavit or declaration cannot be proffered for the first time in a reply brief.

Next, Plaintiffs complain that the Law Director's statements contradict prior judicial admissions.  That is, prior to being dismissed from this lawsuit, the Law Director answered and admitted that Lansky directed him to turn off Plaintiffs' audiovisual equipment.  In his Supplemental Declaration, the Law Director states that Lansky did not specifically instruct him to remove the camera.

Whether or not these challenges have merit, the Court has already decided that Plaintiffs were not deprived of their First Amendment rights when their video camera was shut down and removed from the Council Meeting.  Therefore, it is unnecessary for the Court to consider the evidence of whether Lansky's conduct, as a state actor, violated Plaintiffs'

clearly established constitutional rights. Plaintiffs' three Motions to Strike are denied as moot.

**Disclosure of Taxpayer Information**

Brownlee claims that the constitutional right to privacy extends to precluding the unauthorized disclosure of personal taxpayer information by a government official. The Court disagrees.

The Sixth Circuit has narrowly construed the Supreme Court precedents of *Whalen v. Roe*, 429 U.S. 589 (1977) and *Nixon v. Administrator of General Services*, 433 U.S. 425 (1977), holding that the right to privacy is triggered only when the interest at stake concerns "those personal rights that can be deemed 'fundamental' or 'implicit' in the concept of ordered liberty." *J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir.1981). Not all disclosures of private information will trigger constitutional protection. "[T]he Constitution does not encompass a general right to the nondisclosure of private information." *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir.1995), quoting *DeSanti*, 653 F.2d at 1090.

> Although we acknowledged the significance of a right of privacy, we found that '[i]nferring very broad 'constitutional' rights where the Constitution itself does not express them is an activity not appropriate to the judiciary.'

*Jarvis*, 52 F.3d at 126, quoting *DeSanti*, 653 F.2d at 1090.

Courts in this Circuit have declined to expand the right to privacy to the disclosure of social security numbers, which this Court deems comparable to the disclosure of income tax information. *Pitts v. Perkins Local School Bd. of Educ.*, 2006 WL 1050675, No. 1:05CV2226 (N.D.Ohio April 19, 2006); *Lambert v. Hartmann*, 2006 WL 3833529, No. 1:04CV837 (S.D.Ohio Dec. 29, 2006). While this Court is certainly cognizant of the problems, such as financial harm from identity theft or personal embarrassment that may arise from the release

-8-

of tax information, Brownlee's situation fails to reach the magnitude of liberty deprivation.

As this Court is unpersuaded that the protection from disclosure of one's income tax information (filing or not filing and paying or failing to pay) is a fundamental constitutional right; and in keeping with the Sixth Circuit's admonition to refrain from inferring constitutional rights where not expressly enunciated, the Court holds that Brownlee's Third Cause of Action for violation of the right of privacy fails.

Insofar as Brownlee is making a substantive due process claim, the Court likewise finds in favor of Defendant Lansky.

The substantive due process guarantee protects against government power arbitrarily and oppressively exercised. *Daniels v. Williams*, 474 U.S. 327, 331 (1986). For more than a half a century, the Supreme Court has described that level of abuse of power as that which shocks the conscience. *Rochin v. California*, 342 U.S. 165, 172-173 (1952) (finding the forced pumping of a suspect's stomach enough to offend due process as conduct "that shocks the conscience" and violates the "decencies of civilized conduct."). In *Breithaupt v. Abram*, 352 U.S. 432 (1957), the Supreme Court repeats the principle that conduct that "'shocked the conscience' and was so 'brutal' and 'offensive' that it did not comport with traditional ideas of fair play and decency" would violate substantive due process. *Id* at 435.

Substantive due process serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels*, 474 U.S. at 331. Substantive due process serves as a vehicle to limit various aspects of potentially oppressive government action. *Id*. It serves as a check on official misconduct, which although not infringing on a fundamental right, is so literally "shocking to the

conscience," as to rise to the level of a constitutional violation. *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir.1996).

A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agent. *Parate v. Isibor,* 868 F.2d 821, 833.  The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id*.

Brownlee identifies several instances when Lansky publicized Brownlee's purported failure to comply with the City's income tax laws.  In fact, at one point, Lansky made the charge in a sarcastic, political flyer that was distributed by mail to Maple Heights voters. Taking these facts at face value since they are undisputed by Lansky, they still do not demonstrate conduct which shocks the conscience, which is brutal or offensive or which does not comport with traditions of fair play and decency so as to violate substantive due process guarantees.  This is especially so in the well-known, highly volatile realm of politics.

**State law claims**

Plaintiffs allege state law claims of invasion of privacy and defamation against Lansky.  28 U.S.C. § 1367 grants district courts supplemental jurisdiction over all claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).  The statute also grants district courts the discretion to dismiss pendent state law claims if all federal claims have been dismissed.  28 U.S.C. § 1367(c)(3).  The Court has determined that Plaintiffs' claims of First Amendment violations and right of privacy

deprivations have no merit. Since the remaining claims do not arise under federal law, do not invoke remedies expressly granted by the U.S. Constitution or an act of Congress, nor present a "pivotal question of federal law", those state claims in Plaintiffs' Complaint are dismissed without prejudice.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #39) of Defendant, Jeffrey A. Lansky, for Summary Judgment is granted as to Plaintiffs' federal claims. The Court declines to exercise supplemental jurisdiction over the pendent state law claims and dismisses them without prejudice.

Defendant Lansky's Counterclaim for defamation is purely a state claim which the Court likewise declines to adjudicate under its supplemental jurisdiction. Consequently, the Motion (ECF DKT #38) of Counterclaim-Defendant William Brownlee for Summary Judgment on the Counterclaim of Defendant Jeffrey Lansky is denied as moot.

In addition, as discussed previously, Plaintiffs' three Motions to Strike (ECF DKT #43; ECF DKT #56; ECF DKT #57) are denied as moot.

**IT IS SO ORDERED.**

                                             s/ Christopher A. Boyko
                                             **CHRISTOPHER A. BOYKO**
                                             **United States District Judge**

**Dated: March 10, 2017**